650 So.2d 1067 (1995)
Ann Elaine CASTRO, Petitioner,
v.
Honorable Richard A. LUCE, as Circuit Judge of the Sixth Judicial Circuit, Respondent.
No. 94-03820.
District Court of Appeal of Florida, Second District.
February 17, 1995.
*1068 Robert W. Merkle, David J. Plante, and Dawn Weiger O'Neill, of Merkle & Magri, P.A., Tampa, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for respondent.
ALTENBERND, Judge.
The petitioner, Ann Elaine Castro, seeks a writ of prohibition to review an order denying disqualification of the judge assigned to hear an indirect criminal contempt proceeding. That judge was assigned to hear the case by the same judge who initiated the proceeding. Because the proceeding involves allegations of disrespect or criticism of the initial judge, Ms. Castro was entitled to have the successor judge designated by the Chief Justice of The Supreme Court of Florida.
According to an order to show cause issued by Judge James R. Case, he presided over an emotional hearing on February 25, 1994, involving a child custody issue. Ms. Castro, a member of The Florida Bar, represented the mother at that hearing. During and after the hearing, Ms. Castro engaged in conduct that Judge Case regarded as disrespectful or critical of the court, rising to the level of both direct and indirect contempt.
Judge Case did not proceed summarily under Florida Rule of Criminal Procedure 3.830 on the charge of direct contempt. That decision was prudent because he may have "enmeshed himself as the trier of fact and law in a controversy in which he was at the epicenter." Mann v. State, 476 So.2d 1369, 1375-76 (Fla. 2d DCA 1985). Instead, Judge Case entered an order to show cause on March 31, 1994. At that time, he was Chief Judge of the Sixth Judicial Circuit. He voluntarily recused himself and assigned Judge Richard A. Luce to hear the case. Ms. Castro filed a motion to dismiss the proceeding on grounds that included the failure of Judge Case to comply with the requirements of Florida Rule of Criminal Procedure 3.840(e). Before the court ruled on this motion, Ms. Castro also moved to disqualify Judge Luce on the ground that he had not been lawfully designated to hear the case by the chief justice as required by rule 3.840(e). Rule 3.840(e) states: "If the contempt charged involves disrespect to or criticism of a judge, the judge shall disqualify himself or herself from presiding at the hearing. Another judge shall be designated by the chief justice of the supreme court." When the motion to disqualify was denied, Ms. Castro filed this petition for a writ of prohibition.
We have jurisdiction to review the denial of a motion to disqualify a trial judge on a timely petition for writ of prohibition. See Bundy v. Rudd, 366 So.2d 440 (Fla. 1978); Brewton v. Kelly, 166 So.2d 834 (Fla. 2d DCA 1964). It is arguable that Judge Luce, as a judicial officer, could have exercised the power to punish for contempt in this case if the issue had not been properly preserved in the trial court and if this petition had not been filed in this court. See Bumgarner v. State, 245 So.2d 635 (Fla. 4th DCA 1971). The possibility that Judge Luce could have validly exercised power in the absence of an objection does not render prohibition an improper writ to test this issue.
On the merits, we initially observe that not all indirect contempt proceedings involve disrespect to or criticism of the judge who initiates the proceeding. See Lowe v. State, 468 So.2d 258 (Fla. 2d DCA 1985). Judge Case voluntarily disqualified himself without any announced explanation. Judge Luce concluded that rule 3.840(e) applies if the initial judge is compelled to disqualify himself, but does not apply if that judge voluntarily recuses himself. Accordingly, he denied the motion to disqualify.
The allegations in Judge Case's order to show cause do involve disrespect or criticism of him. Under rule 3.840, he correctly disqualified himself. The fact that he voluntarily complied with the law does not eliminate Ms. Castro's right to a judge designated by the Chief Justice of the Supreme Court of Florida.
Accordingly, we order the Chief Judge of the Sixth Judicial Circuit to request the Chief Justice of the Supreme Court of Florida *1069 to designate a judge to hear this proceeding. We assume that the formal issuance of the writ will be unnecessary.
The petition for writ of prohibition is granted.
SCHOONOVER, A.C.J., and BLUE, J., concur.