801 So.2d 1022 (2001)
Charles W. LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1092.
District Court of Appeal of Florida, Second District.
December 19, 2001.
*1023 Charles W. Lee, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellee.
BLUE, Chief Judge.
Charles W. Lee appeals the denial, following an evidentiary hearing, of his postconviction claim of ineffective assistance of trial counsel. Because counsel should have been appointed to represent Mr. Lee at the evidentiary hearing, we reverse the order denying Mr. Lee's postconviction relief motion and remand for appointment of counsel and a new evidentiary hearing.
Following an appellate remand, Mr. Lee appeared before the trial court for an evidentiary hearing on May 14, 1998. At that hearing, Mr. Lee expressed some concerns about the purpose of the hearing and his desire for counsel. The circuit judge glossed over Mr. Lee's concerns and held the hearing. Over a year later, on June 29, 1999, an order was entered stating, "After having heard testimony from James Beesting [trial defense counsel] and the Defendant, the court finds that the failure to call witness, Roderick Kendrick, was a matter within `trial strategy' of counsel and, therefore, the Defendant's claim for postconviction relief is denied."
In Graham v. State, 372 So.2d 1363 (Fla.1979), the court set out four factors to be considered by the trial judge in deciding whether to appoint counsel in collateral proceedings for postconviction relief. "The adversary nature of the proceeding, its complexity, the need for an evidentiary hearing, or the need for substantial legal research are all important elements which may require the appointment of counsel." 372 So.2d at 1366. An evidentiary hearing itself implies that three of the four elements are involved. See Williams v. State, 472 So.2d 738 (Fla.1985).
Mr. Lee's concern over the purpose of the hearing, his failure to cross-examine Mr. Beesting, his request for counsel, and, in hindsight, the inordinate delay in the court's ruling on the motion, support Mr. Lee's need for the assistance of counsel. Accordingly, we reverse and remand with directions to the trial court to appoint *1024 counsel for Mr. Lee and hold a new evidentiary hearing.
ALTENBERND and SILBERMAN, JJ., concur.