WHATLEY, Judge.
Anthony Pawle challenges the order of the trial court summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand the case to the trial court for an evidentiary hearing.
Pawle seeks to withdraw his plea because he alleges that counsel misadvised him regarding his jail credit award during the plea and sentencing phases of his case. Contrary to the trial court’s conclusion, the plea colloquy does not refute the allegation *1175 of affirmative misadvice about the amount of jail credit that Pawle would receive because jail credit was never discussed during the plea colloquy. As we stated in Johnson v. State, 736 So.2d 713, 715 (Fla. 2d DCA 1999), and again in Dow v. State, 823 So.2d 830, 831 (Fla. 2d DCA 2002), “In order to adequately refute a claim like this from the record, the discussion with the court must explore the specific issue upon which the defendant asserts he was misad-vised.” Because his allegation is not refuted by the record, we must reverse the order of the trial court and remand for an evidentiary hearing.
Reversed and remanded.
FULMER and KELLY, JJ., Concur.