873 So.2d 618 (2004)
Donald PIERCE, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D04-1753.
District Court of Appeal of Florida, Second District.
May 28, 2004.
*619 James E. Felman and Katherine Earle Yanes of Kynes, Markman & Felman, P.A., Tampa, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Deena DeGenova, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
Donald Pierce petitions this court for a writ of prohibition, contending that the circuit court erred in denying his facially sufficient motion to disqualify the trial judge. A writ of prohibition is the appropriate avenue for relief after the denial of a motion to disqualify a trial judge because of bias or other reasons. Castro v. Luce, 650 So.2d 1067 (Fla. 2d DCA 1995). A judge considering a motion to disqualify shall not look beyond the facial sufficiency of the motion. See Fla. R. Jud. Admin. 2.160(f); Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978). Because Mr. Pierce's motion to disqualify was facially sufficient pursuant to Florida Rule of Judicial Administration 2.160(d)(1), we grant the petition and issue the writ of prohibition.
Whether a motion is legally sufficient requires a determination as to whether the alleged facts would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial. See Fla. R. Jud. Admin. 2.160(d)(1); Zuchel v. State, 824 So.2d 1044, 1046 (Fla. 4th DCA 2002). In determining the legal sufficiency of the motion, the court must also determine if the facts alleged, which must be taken as true, would prompt a reasonably prudent person to fear that he could not receive a fair and impartial trial. See Hayslip v. Douglas, 400 So.2d 553, 556 (Fla. 4th DCA 1981). Mr. Pierce has met his burden in this case.
At the conclusion of a hearing on Mr. Pierce's motion to suppress, the judge denied the motion and began the following dialogue:
COURT: So I don't believe that there was an illegal detention, and I don't believe that there was an illegal search, and the motion is hereby denied.
MR. FELMAN: Judge,
COURT: Where does Mr. Pierce fall in the guidelines?
MR. FELMAN: He scores nonstate prison to five years.
COURT: Does he have any prior record?
THE STATE: No, he does not, Your Honor.
COURT: Mr. Felman, we'll give you three options here today. Set it for trial, that's option number one. Or, if Mr. Pierce wants to enter a plea of guilty, I'll withhold adjudication of guilt place him on 30 months' probation; impose standard drug conditions; impose court costs; if there are any invest [sic] costs, he'll have to pay that. Or, in the alternative, if he wants to enter a no contest plea and retain his right to appeal my denial of the Motion to Suppress, I would at that point adjudicate *620 that he is guilty place him on the same 30 months of probation; and revoke his driving privileges for a period of two years; impose the same court costs and the same standard drug conditions and the same invest costs to the Sheriff's Office.
Based on (1) the court's declaration that Mr. Pierce's sentence would be more severe if he exercised his right to appeal, (2) the court's predetermination of Mr. Pierce's sentence prior to any sentencing hearing, and (3) the court's sua sponte initiation of plea discussions, Mr. Pierce filed a motion to disqualify the judge. In his motion, he attested that he had a well-grounded fear that he would not receive a fair hearing from the trial judge. After a hearing, the judge denied the motion.
In State v. Warner, 762 So.2d 507, 513 (Fla.2000), the supreme court ultimately decided to permit limited judicial participation in plea negotiations with certain safeguards as outlined by the Michigan Supreme Court in People v. Cobbs, 443 Mich. 276, 505 N.W.2d 208 (1993). The supreme court considered these safeguards necessary "to minimize the potential coercive effect on the defendant, to retain the function of the judge as a neutral arbiter, and to preserve the public perception of the judge as an impartial dispenser of justice." Warner, 762 So.2d at 513.
However, judges do not have the flexibility of prosecutors, and they are prohibited from initiating the plea dialogue. Wilson v. State, 845 So.2d 142, 151 (Fla. 2003). A judge "`may ... participate in such discussions upon request of a party' and `[o]nce involved, the court may actively discuss potential sentences and comment on proposed plea agreements.'" Id. (quoting Warner, 762 So.2d at 513-14). Here, the State never offered a plea agreement, and the judge initiated a plea dialogue without either party's request to do so.
Judges are also prohibited from either stating or implying "`alternative sentencing possibilities which hinge upon future procedural choices, such as the exercise of a defendant's right to trial.'" Wilson, 845 So.2d at 151 (quoting Warner, 762 So.2d at 514). This prohibition stems from the need for judges to avoid any appearance of vindictiveness if the defendant chooses to exercise certain rights, such as his right to go to trial or to appeal. See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In this case, the issue is not whether the judge acted vindictively, and we make no finding that he did so, but whether his sua sponte discussion of sentencing alternatives created in Mr. Pierce a well-founded fear that the judge was discouraging his right to appeal and, therefore, he could not receive a fair trial or sentence.
Finally, we note that the Wilson court recognized that "`[a] judge's candid statement of how a case appears at an early stage of the proceeding does not prevent the judge from deciding the case in a fair and evenhanded manner later, when additional facts become known,'" and concluded that "`the judge who participated in the plea bargaining process will not automatically be subject to recusal.'" Wilson, 845 So.2d at 151 (quoting Warner, 762 So.2d at 514). In this case, however, the judge's participation in the plea process went beyond mere comment. His reference to the disparate sentences he would impose depending on whether the defendant chose to go to trial or to exercise his appellate rights would create in a reasonably prudent person a well-founded fear of not receiving a fair trial or sentence.
*621 Accordingly, because Mr. Pierce's motion was facially sufficient, we grant the petition for writ of prohibition and remand with directions for the trial court to grant the motion for disqualification and to recuse itself from further proceedings.
FULMER, CASANUEVA, and KELLY, JJ., Concur.