SALCINES, Judge.
The State appeals from an order granting Anthony Pawle’s motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In that order, the postconviction court granted Pawle the opportunity to withdraw his plea based upon a finding that the plea was involuntary due to the misadviee of counsel. We reverse and remand.
Pawle’s motion for postconviction relief asserted that trial counsel affirmatively misadvised him concerning credit for time served. This is the second time that this court has examined this claim. The post-conviction court initially summarily denied Pawle’s claim and he appealed. This court reversed and remanded the case for an evidentiary hearing stating that “the plea colloquy does not refute the allegation of affirmative misadviee about the amount of jail credit that Pawle would receive because jail credit was never discussed during the plea colloquy.” Pawle v. State, 861 So.2d 1174, 1174-75 (Fla. 2d DCA 2003).
On remand, the postconviction court, in essence, found that Pawle could have mis *1138 understood how his credit for time served was to be applied and granted Pawle relief on that basis. The State appeals that ruling.
At the evidentiary hearing on remand, Pawle did not present any evidence and, instead, attempted to introduce his own testimony in the questions he asked during cross-examination of his trial counsel. The only proper evidence before the postcon-viction court was the testimony of trial counsel — testimony which did not support a finding that Pawle had been affirmatively misadvised. Because the postconviction court’s order is not supported by substantial, competent evidence, we must reverse. See Blanco v. State, 702 So.2d 1250, 1252 (Fla.1997) (opining as to standard of review regarding a trial court’s ruling on a rule 3.850 motion following an evidentiary hearing).
However, as argued by Pawle’s appointed appellate counsel, we must remand this matter for another evidentiary hearing at which Pawle is to be represented by counsel. See, e.g., Lee v. State, 801 So.2d 1022 (Fla. 2d DCA 2001) (listing factors to consider when determining whether a defendant should be afforded counsel at a postconviction hearing). Pawle repeatedly requested appointment of counsel but his requests were denied. Although the subject matter of the evi-dentiary hearing was not complex and would not necessarily lead to the appointment of counsel in all such cases, other facts demonstrated the need for counsel in the present case.
Reversed and remanded for further proceedings.
CASANUEVA, J., and THREADGILL, EDWARD F., Senior Judge; Concur.