908 So.2d 1183 (2005)
Craig A. JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5427.
District Court of Appeal of Florida, Second District.
August 26, 2005.
*1184 Craig A. Jackson, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Appellee.
FULMER, Chief Judge.
Craig A. Jackson appeals from an order denying his motion for postconviction relief after an evidentiary hearing. We reverse and remand for a new evidentiary hearing because the trial court abused its discretion in refusing to appoint counsel to represent Jackson for the hearing. See Williams v. State, 472 So.2d 738 (Fla.1985); Lee v. State, 801 So.2d 1022 (Fla. 2d DCA 2001).
Both Williams and Lee discuss the four factors that are to be considered by the trial judge in deciding whether counsel should be appointed for postconviction proceedings. The need for an evidentiary hearing itself implies that three of the four factors are involved: the adversary nature of the proceeding, its complexity, and the need for an evidentiary hearing. See Williams, 472 So.2d at 740; Lee, 801 So.2d at 1023. The fourth factor is the need for substantial legal research. See Williams, 472 So.2d at 740. The court noted in Williams that "[e]videntiary hearings are adversarial in nature, and the rules of evidence and procedure are mystifyingly complex to all but the most sophisticated non-lawyers." Id. "[A]ny doubt about the need for counsel must be resolved in favor of the indigent defendant." Id.
The record reflects that Jackson requested counsel and that he was not capable of effectively presenting his case and cross-examining his prior counsel. Therefore, as in Williams and Lee, because there was doubt about the need for counsel, reversal and remand for appointment of counsel and a new hearing is required. See also State v. Pawle, 884 So.2d 1137 (Fla. 2d DCA 2004); Toro v. State, 833 So.2d 876 (Fla. 2d DCA 2003).
We reject the other issues raised on appeal and affirm the denial of all claims other than the claims that were previously addressed at the evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
STRINGER and WALLACE, JJ., Concur.