932 So.2d 361 (2006)
Charles BYNUM, III, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1552.
District Court of Appeal of Florida, Second District.
March 17, 2006.
*362 Charles Bynum, III, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Charles Bynum appeals from the order denying his motion for postconviction relief after an evidentiary hearing. We reverse and remand for a new evidentiary hearing because the trial court abused its discretion in denying Bynum's request for appointed counsel. See Williams v. State, 472 So.2d 738 (Fla.1985); Lee v. State, 801 So.2d 1022 (Fla. 2d DCA 2001).
The record reflects that after the postconviction court ordered a hearing on Bynum's motion, he submitted a written motion for appointment of counsel stating that he had limited education and little understanding of the law or courtroom procedures, that he had received the assistance of an inmate law clerk in preparing his motions, and that he was not capable of properly conducting the hearing. Bynum later filed a renewed motion for appointment of counsel restating his need for counsel based upon his limited education, lack of legal training, ignorance of courtroom procedures, and his inability to subpoena and question witnesses. He argued that the hearing would place him and his prior trial counsel in an adversarial position based on his claim of ineffective assistance of counsel and, therefore, he required independent counsel to properly present his claims. The postconviction court proceeded with the evidentiary hearing without appointing counsel to represent Bynum. The transcript of the evidentiary hearing demonstrates that Bynum was at a loss as to how to present his case.
In deciding whether to appoint counsel for postconviction proceedings, the court must consider four factors: the adversary nature of the proceedings, its complexity, the need for an evidentiary hearing, or the need for substantial legal research. Graham v. State, 372 So.2d 1363, 1365-66 (Fla.1979). "The need for an evidentiary hearing itself implies that [the first] three of the four factors are involved." Jackson v. State, 908 So.2d 1183, 1184 (Fla. 2d DCA 2005). As noted in Williams, "[e]videntiary hearings are adversarial *363 in nature, and the rules of evidence and procedure are mystifyingly complex to all but the most sophisticated non-lawyers." 472 So.2d at 740. "[A]ny doubt about the need for counsel must be resolved in favor of the indigent defendant." Id.
The nature of Bynum's postconviction claim is such that to meet his burden of proving his allegations, at a minimum he will have to be able to effectively cross-examine his prior counsel. It is also possible that he will have to present testimony from at least one other witness and that this witness will almost certainly take a position adverse to Bynum's claim and thus need to be effectively cross-examined. Bynum's claim is further complicated by the fact that it involves a challenge to his plea, aspects of which are problematic for both the State and Bynum, and the fact that Bynum's claim, as characterized by the trial court, "raises the specter of actual innocence." Assertions such as those Bynum makes in his motions for appointment of counsel, such as his lack of education and the assistance of an inmate law clerk, may not warrant the appointment of counsel in every case where similar allegations are recited. However, in light of the nature of Bynum's postconviction claim and what will be required to prove it, in this case they are sufficient to raise a doubt about whether he needed the assistance of counsel. Because that doubt must be resolved in his favor, we reverse and remand for the trial court to appoint counsel to assist Bynum and for a new evidentiary hearing.
Reversed and remanded.
FULMER, C.J., and ALTENBERND, J., Concur.