966 So.2d 972 (2007)
Corey ST. PIERRE, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D06-5491.
District Court of Appeal of Florida, Second District.
April 4, 2007.
Corey St. Pierre, pro se.
Bill McCollum, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Respondent.
NORTHCUTT, Judge.
Corey St. Pierre petitions for a writ of prohibition disqualifying Circuit Judge Richard A. Luce from presiding over proceedings on St. Pierre's motion for postconviction relief. Prohibition is the appropriate remedy for the erroneous denial of a motion to disqualify a judge. *973 Pierce v. State, 873 So.2d 618 (Fla. 2d DCA 2004). We conclude that St. Pierre's motion to disqualify Judge Luce was both timely and legally sufficient and that Judge Luce should have granted the motion. Accordingly, we grant the petition and issue the writ.
St. Pierre filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. On the same date, he filed a motion to disqualify Judge Luce from presiding over the postconviction proceedings. The basis of the motion to disqualify was that, following St. Pierre's conviction at trial, Judge Luce imposed a vindictive sentence, indicating his bias. In the motion, St. Pierre alleged that, two days prior to his trial, Judge Luce conducted an off-the-record bench conference in which he extended St. Pierre a plea offer. A copy of the transcript of the pretrial hearing is included in the appendix to St. Pierre's petition. It reflects that during the hearing Judge Luce rejected the State's plea offer of five years' imprisonment as a habitual offender. The judge then ordered counsel to approach the bench and held a discussion with counsel that was not reported. Thereafter, St. Pierre's trial counsel indicated on the record that St. Pierre did not want to enter a plea at that time.
The appendix also contains an excerpt from the transcript of St. Pierre's trial. It reflects that immediately prior to ordering the venire panel, Judge Luce stated: "Okay. Now let's have just a little brief discussion if you will approach the bench with the State on the case that's set for trial today, St. Pierre." Again, the discussion at the bench was not reported. After the bench conference, Judge Luce dealt with some unrelated matters and then asked, "What are we doing on St. Pierre?" St. Pierre's trial counsel responded that St. Pierre did not want to enter a plea. St. Pierre's motion to disqualify Judge Luce from the postconviction proceeding alleged that, at this second bench conference, Judge Luce advised that he would impose the five-year habitual offender sentence that the State had previously offered if St. Pierre would forego his right to a jury trial.
The transcript of the sentencing hearing included in the appendix shows that, a little over a month after St. Pierre's conviction at trial, Judge Luce sentenced him to fifteen years' imprisonment as a habitual offender. In his motion to disqualify, St. Pierre alleged that the sentence was vindictive because it was three times harsher than the plea deal offered by Judge Luce on the day of trial and Judge Luce gave no explanation for the disparity. He further alleged that, because Judge Luce exhibited judicial vindictiveness in sentencing, he believed that Judge Luce would not be fair and impartial in considering his motion for postconviction relief.
Judge Luce entered a written order dismissing the motion to disqualify as untimely and opining that the motion was legally insufficient in any event. Addressing the timeliness issue, the judge correctly observed that Florida Rule of Judicial Administration 2.160(e) requires that a motion to disqualify a trial judge based on alleged prejudice or bias "shall be filed within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion."
In support of his determination that St. Pierre's motion to disqualify was untimely, Judge Luce cited Asay v. State, 769 So.2d 974 (Fla.2000). But he misapplied that case; in fact, Asay supports a determination that St. Pierre's motion was timely. In Asay, the defendant filed a motion to disqualify the trial judge from presiding over his postconviction proceedings, based primarily on remarks the judge made during *974 the defendant's trial five years earlier. The supreme court held that the motion to disqualify was untimely because the grounds for the motion were known during the trial. However, the court went on to observe that, "[o]f course, if the conduct or statements occur after the trial, then the postconviction proceeding may be the first time the defendant can raise them in a motion to recuse." Asay, 769 So.2d at 980.
The supreme court reiterated that observation in Waterhouse v. State, 792 So.2d 1176 (Fla.2001). Waterhouse was convicted of first-degree murder in 1980. His conviction and sentence were affirmed on direct appeal in 1983. See Waterhouse v. State, 429 So.2d 301 (Fla.), cert. denied, 464 U.S. 977, 104 S.Ct. 415, 78 L.Ed.2d 352 (1983). In 1985, Waterhouse filed a motion for postconviction relief that was heard and denied by Judge Robert E. Beach, who had presided over his trial and had sentenced him. On appeal from the denial of that motion, in 1988 the supreme court vacated Waterhouse's death sentence and remanded for a new penalty phase. See Waterhouse v. State, 522 So.2d 341, 344 (Fla.), cert. denied, 488 U.S. 846, 109 S.Ct. 123, 102 L.Ed.2d 97 (1988). Judge Beach presided over the new penalty phase proceeding and again imposed a death sentence. This sentence was affirmed on direct appeal in 1992. See Waterhouse v. State, 596 So.2d 1008 (Fla.), cert. denied, 506 U.S. 957, 113 S.Ct. 418, 121 L.Ed.2d 341 (1992).
After Waterhouse's second death sentence was affirmed, he filed a motion for postconviction relief alleging, among other things, that his counsel was ineffective by failing to move to disqualify Judge Beach for prejudice. The motion alleged that in 1981, following Waterhouse's conviction and first death sentence, Judge Beach gave a statement about him to the Florida Parole and Probation Commission. The Commission's post-sentence investigation report on Waterhouse described Judge Beach's statement as follows: "Sentencing judge, Robert E. Beach, commented that the subject is a dangerous and sick man and that many other women have probably suffered because of him." Judge Beach denied the postconviction relief motion.
On appeal, the supreme court discussed the law governing the timeliness of a motion to disqualify a judge. It noted its previous observation in Asay that a postconviction relief proceeding may be the first time a defendant can seek to disqualify the judge based on conduct that occurred after the trial. Waterhouse, 792 So.2d at 1193.
With that in mind, and because Waterhouse's motion did not specify which of his attorneys was ineffective for failing to seek the judge's disqualification, the court analyzed the claim as it related to all stages of his case. The court concluded that Waterhouse's original trial counsel could not be deemed ineffective in this regard because the asserted basis for seeking to disqualify the judge did not arise until after the trial. Id. But, the court observed, the alleged basis for a disqualification motion was known by the time of Waterhouse's next proceeding before Judge Beach, when Waterhouse was represented by new counsel.
The next time that Waterhouse appeared before Judge Beach was during the postconviction proceedings which began with the filing of a 3.850 motion in 1985 and culminated with our opinion released in 1988 (i.e., the decision which remanded for a new sentencing phase). . . . During this first postconviction proceeding, defense counsel should have been aware of the statement made to the Commission; therefore, if recusal was indeed warranted, that was the time to have requested such relief. . . . *975 Defense counsel, however, failed to seek Judge Beach's recusal at that time.
Waterhouse, 792 So.2d at 1193 (emphasis supplied). Even so, the court held that Waterhouse was not entitled to relief for this purported failure by the attorneys who represented him in the 1985 postconviction relief proceeding because ineffective assistance of postconviction counsel is not a cognizable claim. Id.
Finally, the court noted that Waterhouse again had new counsel in the second penalty phase proceeding in 1990 and that the attorney did not seek to disqualify Judge Beach. However, that failure could not be deemed ineffective assistance because a motion to disqualify filed at that time would have been deemed untimely or waived, "given the fact that the motion should have been filed during the postconviction proceedings which began in 1985." Id. at 1194, citing Asay, 769 So.2d at 980.
The upshot is that when the basis for a judge's disqualification arises after the trial in a criminal case, the defendant's subsequent motion for disqualification may be deemed untimely or waived only if the defendant forewent filing the motion at his first opportunity to do so in a proceeding before that judge. This principle applies to St. Pierre's motion to disqualify Judge Luce. The basis for the motion  Judge Luce's imposition of an allegedly vindictive sentence  occurred after the trial and, indeed, was the very act that terminated that proceeding. There were no further proceedings before Judge Luce until St. Pierre filed the pending motion for postconviction relief. Thus, this postconviction relief proceeding is St. Pierre's first opportunity to move for Judge Luce's disqualification on the ground of the purported vindictiveness of the sentence. Therefore, his motion for disqualification was timely.
Judge Luce also posited that St. Pierre's motion to disqualify was legally insufficient because an adverse ruling is not a proper reason to disqualify a trial judge. This ruling bears little discussion. St. Pierre did not allege merely that Judge Luce had sentenced him harshly. He alleged that Judge Luce had sentenced him vindictively after engaging in conduct that violated clear mandates of the Florida Supreme Court that (1) forbid a trial court to initiate plea discussions and (2) require that a record be made of all plea discussions involving the court. See State v. Warner, 762 So.2d 507, 513-14 (Fla.2000). See also Wilson v. State, 845 So.2d 142, 156 (Fla.2003) (emphasizing that "the requirements of Warner must always be strictly followed").
St. Pierre's motion for postconviction relief alleges, among other things, that his trial counsel was ineffective for failing to object to the imposition of a vindictive sentence. See Davis v. State, 860 So.2d 1058 (Fla. 5th DCA 2003) (holding that allegation of counsel's failure to object to vindictive sentence presents a cognizable claim under rule 3.850); Nowells v. State, 840 So.2d 415 (Fla. 3d DCA 2003) (same); Bush v. State, 785 So.2d 1238 (Fla. 4th DCA 2001) (same). If this claim were to be afforded an evidentiary hearing, the off-the-record bench conferences in which the plea offers were allegedly made would have to be reconstructed by the testimony of the participants in those discussions. Certainly, given that the specifics of those discussions could determine whether the sentence imposed by Judge Luce was presumptively vindictive, see Wilson, 845 So.2d at 156, a reasonable person in St. Pierre's position might well fear that Judge Luce would not fairly and impartially determine this claim. Under Florida Rule of Judicial Administration 2.160(d)(1), that reasonable fear is a proper basis for a *976 motion to disqualify the judge. Schoenwetter v. State, 931 So.2d 857, 872 (Fla. 2006). Moreover, the motion's allegations regarding the off-the-record exchanges also invoke another ground for disqualification set forth in the rule, that being that the judge is a material witness. Fla. R. Jud. Admin. 2.160(d)(2).
We grant the petition and issue the writ of prohibition disqualifying Judge Luce from further participation in this case.
CASANUEVA and SILBERMAN, JJ., Concur.