FULMER, Judge.
 

 Robert Lee Osteen appeals from the order denying his motion for postconviction relief after evidentiary hearing. We reverse and remand for a new evidentiary hearing because the trial court abused its discretion in denying Osteen’s request for appointed counsel. We also reverse the summary denial of Ground Two and direct that Osteen be given an evidentiary hearing on this claim.
 

 Osteen was sixteen when he and two codefendants committed the robbery at issue in this case. Osteen pleaded guilty and was sentenced to two years’ community control followed by eight years’ probation in 2003. The sentence was an agreed-upon downward departure. In imposing sentence, Judge Langford stated: “The Score Sheet calls for a minimum sentence
 
 *928
 
 of 75 months State Prison. You can add six months to that, which will be 81 months, if he violates the conditions of Community Control and/or probation that you are going to be put on.”
 

 In 2005, the community control officer filed an affidavit of violation alleging that Osteen failed to remain confined to his approved residence and failed to report as directed. At the revocation hearing, the community control officer recommended that the supervision be restored and Os-teen be placed in a residential probation restitution center. She advised that Os-teen was twenty years old and that he lacked direction. One of the codefendants had previously violated his community control and had received ninety-six months in prison. Judge Shinholser accepted Os-teen’s open admission to the violation and imposed a forty-year sentence. The sentence was affirmed on direct appeal.
 
 Os-teen v. State,
 
 939 So.2d 1071 (Fla. 2d DCA 2006) (table).
 

 Osteen filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in January 2007. In Ground One, he alleged that his counsel was ineffective for failing to convey a plea offer before the revocation hearing. In Ground Two, he alleged that his counsel was ineffective for failing to object and preserve for review the issue of Judge Shinholser’s bias and prejudice as evidenced by the presumptively vindictive forty-year sentence and the comments of the judge at the revocation hearing.
 

 The postconviction court entered an initial order on January 26, 2007, directing a response ■ from the State on Ground One and summarily denying Ground Two. The court reasoned that Osteen failed to allege any facts that would demonstrate vindictiveness in sentencing and that because the forty-year sentence was within the sentencing authority of the trial court, there was no basis for an objection by counsel. Osteen filed an addendum to his motion in August 2007 (Ground Three) claiming that his open plea to the violation of community control was not voluntary because his counsel had failed to inform him that he could have entered a plea to a cap of ninety-six months in an agreement with the State.
 

 In October 2007, the postconviction court ordered an evidentiary hearing for Grounds One and Three. In November 2007, Osteen moved for appointment of counsel for the evidentiary hearing. The postconviction court entered an order denying the motion for appointment of counsel on the basis that the issues were not complex and did not require substantial legal research.
 

 Osteen filed a second addendum to his postconviction motion on November 7, 2007, in which he alleged that counsel was ineffective for failing to discover “the stipulation” by the original judge, Judge Langford, that upon violation of community control, Osteen would receive ninety months (or the low end of the sentencing guidelines). The postconviction court entered an order on December 13, 2007, denying this claim after finding that it was refuted by the transcript of the original sentencing hearing in August 2003 before Judge Langford.
 

 The evidentiary hearing occurred in December 2007. The transcript shows that Osteen first renewed his request for appointed counsel. Osteen told Judge Shin-holser that a jailhouse lawyer had prepared his postconviction motion for him and had advised him to object to proceeding without appointed counsel for the hearing. The judge again denied the request for counsel. Osteen indicated that he was unable to proceed without the assistance of counsel. The State moved for directed
 
 *929
 
 verdict but also asked the court to reserve ruling until the State put on its case.
 

 The State then called Christopher Boldt, the defense attorney for the violation of community control. Boldt indicated that he had received an offer from the State for a ninety-six month sentence, which was in parity with what the codefendant had received. Boldt had some recollection of a conversation with Osteen immediately preceding the revocation hearing and he remembered using the words “known quantity” with respect to a plea offer. Osteen had responded that he wanted to go home, which Boldt perceived to be a “no” to a negotiation that would involve further incarceration. Boldt met with Osteen the day before the hearing, and Osteen made no indication that he would be willing to accept significant amounts of further incarceration.
 

 The postconviction court stated that the directed verdict was granted. But for the sake of the appellate record, the court found that Boldt provided effective representation, that Boldt did convey the plea offer, and that Osteen rejected the offer because he did not want to serve any more jail time and wanted to go home and the only way he could do that was to enter a straight-up plea. The court found that' the plea was voluntary.
 

 Osteen argues on appeal that the postconviction court erred in denying his request for appointed counsel at the evi-dentiary hearing. We agree that this was an abuse of discretion in that the record does not reflect that Osteen had the capability of representing himself.
 
 See Bynum v. State,
 
 932 So.2d 361 (Fla. 2d DCA 2006).
 

 We also conclude that the summary denial of Ground Two was error. The court rejected this claim after concluding that Osteen’s counsel would have no basis to object to the forty-year sentence. This court has recognized that an allegation of counsel’s failure to object to a vindictive sentence presents a cognizable claim under rule 3.850.
 
 St. Pierre v. State,
 
 966 So.2d 972, 975 (Fla. 2d DCA 2007). The sentencing hearing on the revocation shows that Osteen entered his admission after a lengthy discussion wherein Judge Shinhol-ser discussed whether he could modify Os-teen’s probation in accordance with the probation officer’s recommendation without an admission to the violation. Osteen entered his admission to the violation with the impression that the judge would consider modifying the probation as requested. However, after a number of witnesses spoke in Osteen’s favor, the court stated: “The real debate here today is not whether I should follow the recommendation of your attorney or follow the recommendation of the State Attorney but whether I should impose a Life sentence. That’s the real debate.” The court made this comment after the State argued at length that a ninety-six month sentence was appropriate because Osteen and the codefendant were equally culpable and the codefendant had received ninety-six months.
 

 Given the disparity between the sentence imposed and the recommendations of the State and probation officer, we are unable to say that the record conclusively refutes the allegation that counsel was ineffective for failing to challenge the sentence on the basis of bias, prejudice, or vindictiveness. Therefore, we reverse the summary denial of this claim. Because Judge Shinholser has already ruled that Osteen’s claim is without merit and a reasonable person in Osteen’s position might well fear that Judge Shinholser would not fairly and impartially determine this claim, a different judge shall be assigned to the case on remand.
 
 Cf. St. Pierre,
 
 966 So.2d at 975-76 (issuing writ of prohibition dis
 
 *930
 
 qualifying judge from further participation in case).
 

 We reject without discussion the other issues raised by Osteen on appeal.
 

 Affirmed in part, reversed in part, and remanded for further proceedings.
 

 KHOUZAM, J., and CASE, JAMES R., Associate Senior Judge, Concur.