DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT W. JOSHUA,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D17-2928

[March 7, 2018]

Petition for Writ of Prohibition to the Circuit Court for the Seventeenth Judicial Circuit; Broward County, Andrew L. Siegel, Judge; L.T. Case No. 09-21533-CF-10-A.

Robert W. Joshua, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, for respondent.

LINDSEY, N., Associate Judge.[1]

Robert W. Joshua ("Petitioner") petitions this Court to issue a writ of prohibition disqualifying the trial judge from further participation in his case. For the reasons set forth below, we deny the petition.

## Background

Petitioner was arrested on November 24, 2009 and subsequently charged by an amended information with trafficking in methamphetamine in Count I and trafficking in methylenedioxmethamphetamine ("MDMA") in Count II. Following a jury trial in March of 2015, Petitioner was found guilty of both counts and sentenced concurrently on each count to forty-two months in prison, with a three-year minimum mandatory, followed by ten years' drug offender probation. The trial court denied Petitioner's motion for a new trial and Petitioner filed a direct appeal.

---

[1] On October 23, 2017, the Florida Supreme Court directed that this petition be reviewed and determined by a panel of judges from the Third District Court of Appeal sitting by designation as associate judges of the Fourth District Court of Appeal.

On direct appeal, this Court reversed the conviction and sentence on Count I and remanded for further proceedings. *Joshua v. State*, 205 So. 3d 851 (Fla. 4th DCA 2016).[2] In addition, this Court stated that the transcripts from two *in camera* hearings relating to the identity of an alleged confidential informant shall be unsealed and available to the parties. *Id.* at 855 n.9. This Court affirmed the trial court on all of the other issues raised by Petitioner, including its denial of Petitioner's two prior motions to disqualify the judge. *Id.* at 856 n.10, 860.

On July 13, 2017, Petitioner filed a Rule 3.850 motion for post-conviction relief raising six grounds. Shortly thereafter, Petitioner filed his fourth verified motion to disqualify the judge.[3] In the motion, Petitioner sought disqualification on the grounds that the judge in this case was biased in favor of the State, "not exclusively founded upon [the judge's] adverse rulings, but upon what [Petitioner] perceives as [the judge's] intentional, calculated professional ignorance throughout the case and [the judge's] intentional actions [that were] intended to benefit the criminal conspirators and the State."

Petitioner also alleged as a basis for disqualification that the judge's actions were intended to benefit the co-architects, attorney Michael Leader and former Fort Lauderdale Police Detective Thomas Reed, of an alleged criminal conspiracy, including fabricating the existence of the confidential informant and the judge's suppression of this evidence that ultimately led to Petitioner's conviction. In addition, Petitioner alleged that the judge "colluded with criminal conspirators Michael Leader, Ted Daus, Thomas Reed, Frederico Abreu, and Cory and Gabriel Faneca, who manufactured a criminal offense against [Petitioner] . . . by willfully and intentionally tailoring his rulings to prevent [Petitioner] from learning key, exculpatory evidence" regarding the identity of the alleged confidential informant, because of his friendship with Michael Leader's father.

Further, Petitioner alleged that because the judge's wife is friends with Detective Reed, the judge, "intentionally and with calculation, ruled that Detective Reed did not make any material false representations at the conclusion of the suppression hearing conducted in [Petitioner's] case, a fact [the judge] knew to be untrue." Finally, Petitioner alleged that the judge "demonstrated bias against him when he ruled that the State was not required to turn over transcripts from the *in camera* [hearings] which were conducted," "intentionally flouted the order of the District Court to unseal and produce the *in camera* [hearing] transcripts because of his bias against [Petitioner]," and "intentionally sought to conceal evidence of his bias by refusing to abide by the ruling of the Fourth District Court of Appeal when that court ordered the in-camera [sic]

[2] Similarly, in that appeal, a panel of judges from the Third District Court of Appeal sat by designation as associate judges of the Fourth District Court of Appeal.

[3] The motion to disqualify on review in the instant petition is Petitioner's fourth motion to disqualify. Petitioner does not seek relief herein as to his third motion.

hearings to be made public."

On July 20, 2017, the trial court denied the fourth verified motion to disqualify. The instant petition follows.

## Standard of Review

A petition for writ of prohibition is the manner in which a party may seek review of a trial court's denial of a motion to disqualify a trial judge. *Sutton v. State*, 975 So. 2d 1073, 1077 (Fla. 2008). "Whether a motion to disqualify is legally sufficient is a question of law, and the standard of review of a trial judge's determination of a motion to disqualify is *de novo*." *Gregory v. State*, 118 So. 3d 770, 778 (Fla. 2013) (citing *Stein v. State*, 995 So. 2d 329, 334 (Fla. 2008)).

Furthermore, "[w]hether the motion is legally sufficient requires a determination as to whether the alleged facts would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial. A motion to disqualify a judge must be well-founded and contain facts germane to the judge's undue bias, prejudice, or sympathy. A mere subjective fear[] of bias will not be legally sufficient; rather, the fear must be objectively reasonable." *Id.* (alteration in original) (internal quotations and citations omitted).

## Analysis

Florida Rule of Judicial Administration 2.330(e) provides that "[a] motion to disqualify shall be filed within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion . . . ." Here, other than those portions of Petitioner's fourth motion to disqualify relating to the trial court's refusal to grant a motion to compel discovery of the transcripts of the *in camera* hearings, Petitioner's claims are both untimely and successive. *See Asay v. State*, 769 So. 2d 974, 980 (Fla. 2000) (claims procedurally barred where the grounds upon which they are based were known at the time of direct appeal); *Hedrick v. State*, 6 So. 3d 688, 693 (Fla. 4th DCA 2009) (Claims relating to matters which occurred at trial are procedurally barred.)

Petitioner contends his motion is timely based on *St. Pierre v. State*, 966 So. 2d 972 (Fla. 2d DCA 2007). In *St. Pierre*, the court held that matters which occurred after trial are timely raised in a post-conviction proceeding since a post-conviction proceeding may be the first time a defendant can seek to disqualify the judge based on conduct that occurred after the trial. *Id.* at 974. However, Petitioner's fourth motion to disqualify largely complains of the judge's rulings relating to a disclosure of the identity of the confidential informant prior to trial and the judge's alleged participation in a conspiracy against Petitioner. These allegations were raised prior to the pending post-conviction proceeding, as Petitioner complained in his first motion to disqualify that the judge "conspired[]

and effected a coordinated effort to conceal a true cover-up" through his rulings on the motion to disclose the identity of the confidential informant prior to trial.

The allegations in Petitioner's fourth motion to disqualify relating to the trial court's refusal to grant a motion to compel discovery of the transcripts of the *in camera* hearings are legally insufficient. "[T]he fact that a judge has ruled adversely to the party in the past does not constitute a legally sufficient ground for a motion to disqualify." *McGirth v. State*, 209 So. 3d 1146, 1162 (Fla. 2017) (quoting *Thompson v. State*, 759 So. 2d 650, 659 (Fla. 2000)). To the extent Petitioner argues in his Reply that he has learned, post-trial, new information concerning the identity of the alleged confidential informant that allows him to "fill in the missing puzzle pieces," the allegations are, nonetheless, again based on the judge's purported participation in a conspiracy through his rulings relating to the handling of the case.

Furthermore, this Court has previously rejected the same type of conspiracy theory advanced by Petitioner and held that a defendant's subjective and unreasonable fear that the trial judge was involved in a conspiracy against the defendant is legally insufficient to warrant disqualification. *See Hendrick*, 6 So. 3d at 692-93 (concluding that the claims raised in the defendant's motion to disqualify the trial judge based on the defendant's speculative and unfounded allegations of official misconduct and complaints of the judge's demonstrated bias through his rulings on pretrial motions were procedurally barred and legally insufficient); *see also Asay*, 769 So. 2d at 981 (finding that the defendant's motion to disqualify the trial judge, containing sheer speculation rather than well-founded allegations, was correctly denied because it was untimely and legally insufficient).

## Conclusion

Accordingly, we conclude, because Petitioner's claims are untimely, successive and/or legally insufficient, that the trial court correctly denied Petitioner's fourth verified motion to disqualify the judge and we deny the petition for a writ of prohibition.

SUAREZ, R. AND LOGUE, T., Associate Judges, concur.

\*         \*         \*

***Not final until disposition of timely filed motion for rehearing.***

4