PER CURIAM.
Walter D. Morrison petitions for habeas corpus relief, asserting that he was denied the effective assistance of counsel on appeal. Specifically, he contends that the trial court violated Florida Rule of Criminal Procedure 3.410 by responding to the jury’s request to have certain testimony read back without affording the defense notice or an opportunity to be heard, and that his appellate counsel was ineffective for failing to raise this per se reversible error. See Mills v. State, 620 So.2d 1006 (Fla.1993).
While we agree that an error of this nature is per se reversible, we find that for a number of reasons, Morrison’s appellate counsel cannot be deemed to have rendered ineffective assistance. First, this claim of error was considered by the court on direct appeal because Morrison raised it in a pro se brief. Therefore, he has failed to demonstrate any measurable prejudice flowing from appellate counsel’s alleged omission. See Stano v. Dugger, 524 So.2d 1018 (Fla.1988). Secondly, reasonable and competent counsel could have concluded that although this alleged error is per se reversible, it nonetheless “must be invoked by contemporaneous objection at trial.” See Thomas v. *650 State, 730 So.2d 667, 668 (Fla.1998). Given that there is no showing that an objection was made in this case, appellate counsel cannot be deemed ineffective for failing to raise this claim. See Williamson v. Dugger, 651 So.2d 84 (Fla.1994). Finally, even assuming that situations exist in which a contemporaneous objection is not required in order to preserve this issue for appeal, and that appellate counsel merely failed to identify this issue, we would be reluctant to find counsel ineffective in this instance since the alleged error is not readily apparent from the face of the record.
For the foregoing reasons, we deny the petition for writ of habeas corpus. We do so, however, without prejudice to Morrison’s right to present his substantive claim to the trial court by motion for postconviction relief.
MINER and BROWNING, JJ., CONCUR; BENTON, J., DISSENTS.