860 So.2d 1058 (2003)
Tyrone DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1952.
District Court of Appeal of Florida, Fifth District.
December 5, 2003.
Tyrone Davis, Lowell, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
Tyrone Davis appeals from the summary denial of his rule 3.850 motion in which he raised nine alleged grounds of ineffective assistance of counsel. We have determined that eight of the grounds are without *1059 merit. One, however, in which Mr. Davis alleges that his counsel was ineffective for failing to assure that he was fairly sentenced by objecting to a purportedly vindictive sentence imposed by the trial court, requires reversal and a new sentencing.
Mr. Davis was accused of robbery with a firearm while wearing a mask and of third degree grand theft. Immediately prior to his trial, and while a jury was waiting to be seated, the following colloquy occurred between the appellant, the trial judge (who was not the same judge who denied the rule 3.850 motion), the prosecutor and defense counsel:
Defense Counsel: Your Honor, Mr. Davis wants a trial.
The Court: Trial? All right.
Defense Counsel: Could you just put on the record before he leaves what you offered?

The Court: Yes, sir.... Mr. Davis, I understand that you do want to go forward with a trial in this case.
Defendant: Yes, sir.
The Court: I want to make sure you understand that you are facing the possibility of 30 years in state prison.
You have a confession in this case, as I understand it, admitting to your involvement in this robbery.
There is a very real possibility of being sentenced to 30 years in state prison, if you are convicted. Are you
Prosecutor: Judge, this is a life felony.
Defense Counsel: It is.
The Court: It is punishable by life?
Defense Counsel: Yes, sir.
The Court: So you do face the very real possibility of being sentenced to the rest of your life in state prison, if you are, in fact, convicted at trial on this crime that you've apparently already admitted to being involved with.
If you wish to have a trial, of course, that's your right; and we'll schedule you for trial.
Your counsel wants me to place on the record, so that it does not come back against him later, that your were, in fact, offered a four-and-one-half-year state prison sentence and that you declined that in favor of a trial. Is that true?
Defendant: Yes, sir.
The Court: All right. We will go to trial on your case.
* * *

This offer is no longer open, Mr. Davis. After today, this offer is behind you. You are looking at life in prison upon conviction.
That's all.
Mr. Davis was convicted of both robbery and grand theft, and was sentenced to serve fifteen years in state prison. The only reasons given by the trial judge for imposing the substantially harsher sentence than was offered in exchange for a guilty plea was that the defendant had "thwarted the efforts of the State," apparently by giving inconsistent statements. This court affirmed the robbery conviction, but reversed the grand theft conviction on double jeopardy grounds.[1] Mr. Davis was subsequently resentenced by the same judge to serve fifteen years in state prison for the robbery alone. We affirmed the amended judgment and sentencing.[2] The issue of whether Mr. Davis was the subject of a vindictive sentence, however, has not been previously considered by this court.
*1060 In State v. Warner, 762 So.2d 507 (Fla.2000), the supreme court authorized certain judicial participation in the plea bargaining process within rather confined limits. The first restriction placed on trial judges is that they may not initiate the plea dialogue. The second is that the judge may neither state nor imply "alternative sentencing possibilities which hinge upon future procedural choices, such as the exercise of a defendant's right to trial." Warner, 762 So.2d at 513-514. That is to say, judges must not state or imply that the sentence might vary depending on whether the defendant chooses to exercise his or her right to trial by jury. See also Graff v. State, 843 So.2d 1012 (Fla. 5th DCA 2003). Additionally, the supreme court required that all plea negotiations involving the trial judge be recorded.
The high court readdressed the issue in Wilson v. State, 845 So.2d 142 (Fla.2003). The supreme court there declined to adopt a presumption of vindictiveness to be applied in all cases in which a judge participates in plea negotiations, and instead concluded that a "totality of circumstances" review is more appropriate to determine if a defendant's constitutional right to due process was violated by the imposition of an increased sentence after unsuccessful plea negotiations with the court. Wilson, 845 So.2d at 156. See also Vondervor v. State, 847 So.2d 610 (Fla. 5th DCA 2003). The Wilson court held, further, that:
Judicial participation in plea negotiations followed by a harsher sentence is one of the circumstances that, along with other factors, should be considered in determining whether there is a "reasonable likelihood" that the harsher sentence was imposed in retaliation for the defendant not pleading guilty and instead exercising his or her right to proceed to trial. (Citation omitted). The other factors that should be considered include but are not limited to: (1) whether the trial judge initiated the plea discussions with the defendant in violation of Warner; (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.
Wilson, 845 So.2d at 156.
Upon consideration of the factors outlined in Wilson, we have concluded after considering the totality of the circumstances that Mr. Davis is entitled to be resentenced by a different judge. It is clear that the 15 year sentence imposed is far greater than the 4½ year plea offer. We note that the trial judge appears to have initiated the original plea discussion because the parties refer to the offer as emanating from the judge, and the judge personally withdrew the offer after it was not accepted. It appears, as well, that the judge was threatening a far harsher sentence should the defendant exercise his right to a jury trial and be convicted. Finally, the comments of the judge in justification of the increased sentence do not convince us that the sentence was imposed free of the underlying threat to punish the defendant for going to trial.
Accordingly, we reverse for a new sentencing hearing before a different trial judge. The new judge may well determine that fifteen years in state prison is a fair sentence for Mr. Davis, given the circumstances *1061 of the crime, Mr. Davis's criminal history, and all other factors normally considered during sentencing. Without a new sentencing, however, we cannot be assured that Mr. Davis has been accorded his due process rights.
REVERSED.
PLEUS and PALMER, JJ., concur.
NOTES
[1] Davis v. State, 775 So.2d 427 (Fla. 5th DCA 2001).
[2] Davis v. State, 806 So.2d 518 (Fla. 5th DCA 2001).