902 So.2d 925 (2005)
Kennye LONGLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1561.
District Court of Appeal of Florida, Fifth District.
June 3, 2005.
James S. Purdy, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
*926 SHARP, W., J.
Longley appeals from the judgment of guilt and sentence imposed on him following the revocation of his probation. Longley was originally placed on probation by Judge Anthony Johnson but Judge Frank Kaney presided over the revocation proceeding. Judge Kaney revoked Longley's probation and sentenced him to 30 months in prison after Longley did not accept the judge's plea offer of 6 months in county jail. After considering the "totality of the circumstances" relating to the plea offer and sentence, we conclude that Longley's due process rights have been violated and he is entitled to a new probation violation hearing.[1] For reasons which will become clear below, we direct that hearing be conducted by a judge other than Judge Johnson or Judge Kaney.
In May 2001, Longley was charged with trafficking in 28 grams or more of cocaine, possession of cocaine with intent to sell or deliver, possession of cocaine and possession of drug paraphernalia. Pursuant to a plea agreement, Longley pled guilty to possession of cocaine[2] before Judge Johnson and the state nol prossed the other charges. Judge Johnson withheld adjudication of guilt and placed Longley on five years probation.
In December 2003, Longley's probation officer charged that Longley had violated condition nine of his probation by testing positive for cocaine use.[3] The March 2004 violation of probation hearing was held before Judge Kaney.
According to an affidavit filed by Richard Hornsby, the Public Defender assigned to represent Longley, Judge Kaney called the attorneys who were representing defendants on violation of probation cases into the back jury room and held a conference off the record. The purpose of the conference seemed to be to advise the court of how the cases were going to be disposed once the parties went back on the record and to address matters that might help resolve the cases or move them along. Judge Kaney addressed the violation of probation cases and, if requested by the attorney, discussed the issues in a particular case.
During this conference, Judge Kaney addressed Longley's case. In an effort to work out a disposition agreeable to Longley, Hornsby told Judge Kaney about the original charges against Longley, his plea to possession of cocaine pursuant to a substantial assistance agreement and the withholding of adjudication of guilt and imposition of five years probation. Hornsby also told Judge Kaney that Longley violated his probation by testing positive for cocaine, his probation officer recommended that probation be reinstated and modified to include further drug treatment, and the state was seeking a revocation of probation and one year in prison based on the nature of the original charges.
After hearing this information, Judge Kaney made Hornsby the following offer which was to be relayed to Longley: revoke and terminate probation, serve six months in county jail with no credit for *927 time previously served and be remanded into custody that day. Hornsby relayed Judge Kaney's offer to Longley. Longley did not accept or reject the offer but instead asked Hornsby to seek a continuance so that he could pursue the opportunity to retain private counsel.
When the parties returned to open court, Judge Kaney asked about Longley's status and the following ensued:
MR. HORNSBY: Judge, Mr. Longley has informed me he would like to retain a private lawyer.
THE COURT: It's too late. Today is the day. He either goes to trial or we have a hearing. What does he want?
DEFENDANT LONGLEY: He  He was telling me about  telling me about some six months that ...
THE COURT: Do you want to have a hearing?
DEFENDANT LONGLEY: Yes.
THE COURT: All right. Great; that's what we'll do. Then no  there's noplea offer, then, I presume, has been withdrawn and we'll have a hearing.
The hearing proceeded and Longley admitted he took a drug test at the probation office which came back positive. He also testified he signed a statement admitting to the use of cocaine after the drug test came back positive. After a brief discussion, Judge Kaney revoked Longley's probation, adjudicated him guilty and sentenced him to thirty months in prison with credit for 8 days time served.[4]
Longley moved to modify his sentence to six months in jail, the sentence Judge Kaney was initially inclined to give him. Longley alleged the only new information presented to Judge Kaney during sentencing was that he had a prior sale and delivery charge that was about 10 years old. Longley argued insufficient additional information had been presented at the hearing to warrant a sentence of thirty months, five times greater than the sentence offered during the back-room conference.
Judge Kaney denied the motion to modify sentence and Longley filed his notice of appeal. Even though Judge Kaney had already denied Longley's motion to modify sentence, Judge Johnson also considered and denied the motion, explaining as follows:
The discussion regarding a potential sentence of 6 months in the Orange County Jail was made prior to a thorough review of the court file, or further consideration of the facts and circumstances of this case. Furthermore, Defendant acknowledges that he did not accept the offer of 6 months prior to seeking a continuance of the VOP proceedings. In the exercise of its discretion, this Court declines to reduce or modify Defendant's legal sentence.
On appeal, Longley contends that his sentence was the product of judicial vindictiveness because Judge Kaney initially offered to sentence him to six months in jail but then imposed a 30 month prison sentence after that offer was not accepted. In response, the state argues that a presumption of vindictiveness does not arise here because defense counsel failed to disclose Longley's prior drug-related felony convictions during the plea discussions and that prior record explains the increase in the sentence.
The Florida Supreme Court has addressed the issue of judicial plea bargaining and vindictiveness[5] in two rather *928 recent cases, State v. Warner, 762 So.2d 507 (Fla.2000) and Wilson v. State, 845 So.2d 142 (Fla.2003). In Warner, the supreme court authorized limited judicial participation in the plea bargaining process subject to several restrictions. The first restriction is that the trial judge could not initiate the plea dialogue. The second restriction is that the judge may neither state nor imply alternative sentencing possibilities which hinge on future choices, such as the exercise of the defendant's right to a trial. In addition, the court required that a record be made of all plea negotiations involving the trial judge.
In Wilson, the supreme court declined to presume vindictiveness in every case in which the judge participated in plea negotiations. Rather, the court concluded that a "totality of the circumstances" review was more appropriate to determine if the defendant's constitutional right to due process was violated by the imposition of an increased sentence after unsuccessful plea negotiations with the trial judge. As the court explained:
Judicial participation in plea negotiations followed by a harsher sentence is one of the circumstances that, along with other factors, should be considered in determining whether there is a "reasonable likelihood" that the harsher sentence was imposed in retaliation for the defendant not pleading guilty and instead exercising his or her right to proceed to trial. See Smith, 490 U.S. at 799, 109 S.Ct. 2201 [104 L.Ed.2d 865].
The other factors that should be considered include but are not limited to: (1) whether the trial judge initiated the plea discussions with the defendant in violation of Warner; (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; ... (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing. (footnote omitted)
845 So.2d at 156.
The court cautioned that if the judge participates in plea negotiations beyond what is contemplated by Warner, these actions alone may give rise to a presumption of judicial vindictiveness that would shift the burden to the state to produce affirmative evidence on the record to dispel the presumption. The court pointed out it is not the judge's role to advocate for a plea offer and the judge runs the risk of departing from the role as a neutral arbiter whenever he or she becomes an advocate for a plea. Finally, the court advised that the judge should consider placing the reasons for the sentence on the record if the defendant rejects a plea offer and the judge later imposes a harsher sentence.
Here the sentence imposed after Longley did not accept the plea offer was much harsher (2 1/2 years in prison versus six months in county jail). According to defense counsel, Judge Kaney himself initiated the plea discussions and those discussions took place during an unrecorded, *929 back-room conference. This clearly violates Warner.
The state relies on Longley's two prior drug-related convictions to explain the increase in the sentence. Longley's score-sheet shows convictions for possession of cocaine and sale/delivery of cocaine from 1993.[6] In his motion to modify sentence, Longley concedes Judge Kaney was made aware of this "new" information during sentencing.
Had Judge Kaney indicated this was the basis for the increased sentence, we may have considered this information sufficient to render the sentence "non-vindictive." See, e.g., Pagnotti v. State, 821 So.2d 466 (Fla. 4th DCA 2002), rev. denied, 888 So.2d 622 (Fla.2004), cert. denied, ___ U.S. ___, 125 S.Ct. 1738, 161 L.Ed.2d 610 (2005) (imposition of 20 year sentence following probation revocation was not vindictive; although defendant had rejected court's offer of 90 day sentence prior to revocation hearing, court could have originally imposed 20 year sentence and court explained at the sentencing hearing that the harsher sentence was based on testimony adduced at the hearing and its review of defendant's file).
But Judge Kaney did not articulate any basis for the increase in the sentence. In Graff v. State, 843 So.2d 1012, 1014 n. 1 (Fla. 5th DCA 2003), this court reiterated the message from Warner that if the trial court elects to sentence more harshly than the initially offered sentence, it should at a minimum state on the record the additional facts which emerged during sentencing that changed the court's viewpoint on sentencing, and how those matters factored into the court's decision. Judge Kaney's failure to state the reasons for the much harsher sentence leaves this court in the position of simply guessing that Longley's prior record was the basis for the fivefold increase in sentence.
In McRoy v. State, 834 So.2d 275 (Fla. 5th DCA 2002), a case decided before Wilson, this court reversed the defendant's sentence because the trial judge had exceeded the bounds of permissible judicial participation in the plea negotiations. In that case, the prosecutor offered McRoy a three-year prison sentence in exchange for a guilty or no contest plea. The judge modified the offer made by the prosecutor to include a lengthy term of probation to follow McRoy's prison sentence. McRoy did not accept the plea offer and was sentenced after trial to fifteen years in prison. After reviewing the record of the plea negotiations, this court concluded the judge had advocated the plea offer far too strongly and exceeded the bounds of what Warner found to be the judge's "neutral and impartial role" in the plea bargaining process.
In a more recent case decided after Wilson, Davis v. State, 860 So.2d 1058 (Fla. 5th DCA 2003), this court concluded that Davis' due process rights had been violated based on a consideration of the "totality of the circumstances" relating to the plea offer and sentence. In that case, Davis declined the court's offer of 4 1/2 years in prison and was later sentenced to 15 years. After reviewing the record, this court reversed for a new sentencing hearing before a different trial judge, explaining as follows:
It is clear that the 15 year sentence imposed is far greater than the 4 1/2 year plea offer. We note that the trial judge appears to have initiated the original plea discussion because the parties refer to the offer as emanating from the judge, and the judge personally withdrew the offer after it was not accepted.

*930 It appears, as well, that the judge was threatening a far harsher sentence should the defendant exercise his right to a jury trial and be convicted. Finally, the comments of the judge in justification of the increased sentence do not convince us that the sentence was imposed free of the underlying threat to punish the defendant for going to trial.
860 So.2d at 1060.
This court acknowledged the new judge may well determine that fifteen years in prison is a fair sentence for Davis, given the circumstances of the crime, his criminal history, and other factors normally considered during sentencing. However, without a new sentencing, this court could not be assured that Davis has been accorded his due process rights.
As in McRoy and Davis, Longley's right to due process in this case was violated. Not only did Judge Kaney initiate the plea negotiations but he conducted them at an unrecorded conference, thus making review impossible. The sentence imposed was five times greater than the sentence offered to Longley and was even greater than the sentence requested by the state. Judge Kaney did not place the reasons for the harsher sentence on the recordthe only possible basis for the increase being two drug offenses that were more than ten years old.
To assure that Longley has been accorded due process, we remand this cause for a new revocation hearing before a judge other than Judge Kaney or Judge Johnson. See Wilson (remedy for vindictive sentencing is resentencing before a different judge). Judge Kaney may not preside over the new revocation hearing for obvious reasons. Judge Johnson also denied Longley's motion to modify sentence, thus tacitly approving Judge's Kaney's vindictive sentence, and thus he may not preside over the revocation proceeding as well.
REVERSED and REMANDED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] Because of our resolution of the case on this point, we decline to address the remaining issues raised by Longley on appeal.
[2] § 893.13(6)(a), Fla. Stat.
[3] (9) You will not possess or use any marijuana or other controlled substance except upon prescription of a duly licensed medical or osteopathic doctor and then only in accordance with the prescribed dosage. You will not possess any controlled substance paraphernalia or forged or blank prescription forms.
[4] Based on the scoresheet, Longley's maximum sentence was ten years in prison.
[5] A showing of vindictiveness does not require that the trial judge affirmatively intended to punish the defendant for rejecting a plea. "Vindictive" in this context is a term of art which expresses the legal effect of a given course of action, and does not imply any personal or subjective animosity between the court and the defendant. Cambridge v. State, 884 So.2d 535 (Fla. 2d DCA 2004); Harris v. State, 845 So.2d 329 (Fla. 2d DCA 2003); Charles v. State, 816 So.2d 731 (Fla. 3d DCA 2002).
[6] Longley also had two misdemeanorsreckless driving and driving under the influence.