RAMIREZ, J.
George Davalos appeals the trial court’s order denying his motion to withdraw his plea or, in the alternative, mitigate his sentence. We reverse because the trial court imposed a much harsher sentence than that which resulted from the plea negotiations.
The State of Florida charged Davalos with trafficking in cocaine, possession of cocaine, and possession of cannabis. Prior to jury selection, Davalos informed the trial court that he was considering a plea offer of seven years imprisonment with a seven-year drug trafficking minimum mandatory sentence. Following a recess, the trial court learned that Davalos had already rejected the offer.
The trial court thereafter conducted a plea colloquy during which the court discussed the seven-year plea offer and whether Davalos qualified as a habitual offender. Davalos also conferred with defense counsel about the plea offer. During the court proceedings, a sidebar conference took place. Thereafter, the trial court determined that Davalos knowingly, intelligently, and voluntarily rejected the plea offer. The court made no habitual offender determination.
The following day, the State withdrew the plea offer of seven-years and offered Davalos ten years. Defense counsel at this time expressed Davalos’ interest to plea open to the court, asked the court to indicate how it intended to sentence Dava-los, and expressed concern over the State’s unexpected three-year plea offer increase in light of the fact that no new facts had emerged to merit the State’s increase. A sidebar conference immediately followed after which the court invited Davalos to plead to the court and affirmed that it would take “everything into determination” at sentencing. Davalos then pled *132 guilty. The trial court engaged in a colloquy and determined that Davalos’ decision to enter his plea was made knowingly, intelligently, and voluntarily. The trial court accepted the plea.
At the sentencing hearing, the trial court qualified Davalos as a habitual offender. The State argued that Davalos’ decision to reject the State’s plea offer, and then later decide to plead to the court, was an “attempt to gauge the system.” Defense counsel argued that it was improper for the trial court to take such matters into consideration during sentencing. The trial court agreed that it would be improper to punish someone based on their rejection of a plea offer.
The trial court sentenced Davalos as a habitual offender to thirty years’ imprisonment for the trafficking charge with a seven-year mandatory minimum, five years for the possession of cocaine charge, and 364 days for the possession of cannabis, all sentences to run concurrent.
Almost immediately after the imposition of the sentence, Davalos moved to withdraw his plea. In Davalos’ motion to withdraw his plea, he argued that his defense counsel, in front of his family, told him that based on her discussion at sidebar, the trial court judge was “more on [their] side” and that he should plead guilty. The trial court denied Davalos’ request to withdraw the plea. Davalos subsequently hired new counsel and again moved to withdraw his plea. The trial court denied Davalos’ motion.
We do not agree that the trial court correctly denied Davalos’ motions to withdraw his plea. Florida Rules of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e) provide for an appeal of a denial of a motion to withdraw a plea after the imposition of sentence if the defendant alleges that the plea was involuntary. The standard of review for a trial court’s denial of a motion to withdraw a plea is abuse of discretion. Wallace v. State, 939 So.2d 1123, 1124 (Fla. 3d DCA 2006).
On appeal, Davalos argues that his sentence was the product of judicial vindictiveness because the State offered him a sentence of seven years and then ten years, and the trial court sentenced him to thirty years after which he declined the offers. In response, the State argues that vindictive “is a term of art which expresses the legal effect of a given course of action, and does not imply any personal or subjective animosity between the court and the defendant.” Longley v. State, 902 So.2d 925, 928 n. 5 (Fla. 5th DCA 2005).
However, “a ‘totality of circumstances’ review [is] more appropriate to determine if the defendant’s constitutional right to due process was violated by the imposition of an increased sentence after unsuccessful plea negotiations.” Id. at 928. The Florida Supreme Court has used the totality of circumstances analysis in determining claims of judicial vindictiveness. See, e.g., Wilson v. State, 845 So.2d 142, 155 (Fla.2003).
Under the totality of the circumstances in this case, the trial court’s denial of Davalos’ motions to withdraw his pleas constituted an abuse of discretion. This, in effect, violated Davalos’ right to due process. There is a huge disparity between the plea offers and the ultimate sentence imposed. This resulted in a prison term that was three times greater than the sentence offered Davalos in the first plea offer.
We recognize that vindictiveness cannot be found on the length of the sentence alone. See, e.g., Blanco v. State, 849 So.2d 381 (Fla. 3d DCA 2003); Nairn v. State, 837 So.2d 519 (Fla. 3d DCA 2003). However, the record lacks any facts that could *133 explain the reason for the increased sentence other than the fact that Davalos exercised his right to decline the plea offers. The facts of the case did not change in the twenty-four hour period during which Davalos changed his plea from not guilty to guilty. The Florida Supreme Court has found “that a prosecutor may offer to recommend a more lenient sentence or reduction in charges during the plea negotiation process, and that a prosecutor may threaten a defendant with increased charges if he or she does not enter a plea.” Wilson, 845 So.2d at 150. It is thus highly unlikely that Davalos would change his plea in such a short period of time, unless he believed that he would receive a shorter sentence.
Furthermore, the record does not conclusively refute Davalos’ allegation that he entered his plea based upon his counsel’s promise of a seven-year sentence. The record reflects that the trial court held a sidebar conference after defense counsel advised the court that the prosecution no longer offered seven years and that she wanted Davalos to plead open to the court. The record also reflects that defense counsel thereafter spoke with Davalos and his family. Davalos’ plea followed.
We therefore reverse the trial court’s denial of the motions to withdraw Davalos’ plea. We also remand the case with instructions for a new sentencing hearing before a different judge.
Reversed and remanded.