PER CURIAM.
Eddie Riley presents a timely claim of ineffective assistance of appellate counsel. We find no merit to petitioner’s assertion that appellate counsel should have presented an argument that the trial court erred in denying his motion to suppress statements made to the police. We conclude, however, that appellate counsel was ineffective for failing to raise an issue of reversible error in the jury instructions.[1] A large portion of our analysis is predicated upon the supreme court’s holding in State v. Abreau, 363 So.2d 1063 (Fla.1978), that the court’s failure to instruct on an offense one step removed from the charged offense constitutes per se reversible error. In light of recent supreme court precedent, however, it is unclear whether the reasoning behind this precedent is still valid. We, therefore, also certify a question of great public importance concerning the continuing validity of the holding in Abreau.
Riley was charged in Count I of an amended information with capital sexual battery committed between November 1, 2002, and May 1, 2003, in violation of section 794.011(2)(a), Florida Statutes. The matter proceeded to trial, and as to Count I, defense counsel requested that the jury be instructed on simple battery as a lesser included offense. The trial court denied that request, opining that simple battery was not a lesser included offense because it requires a touching against the will of the victim, whereas sexual battery committed on a victim under 12 does not require a lack of consent, nor was lack of consent alleged in the amended information. As a consequence, the jury was instructed only on the charged offense and attempted capital sexual battery, and returned a verdict finding petitioner guilty as charged on Count I.
As the state now concedes, the trial court’s reasoning in denying the request for an instruction on battery was erroneous. See Khianthalat v. State, 935 So.2d 583 (Fla. 2d DCA 2006), approved, 974 So.2d 359 (Fla.2008) (in a prosecution for sexual battery on a child under 12, lack of consent is always an element because of the conclusive presumption that a child that age cannot consent, and thus the offense always includes simple battery as a necessarily included offense); see also Caulder v. State, 500 So.2d 1362 (Fla. 5th DCA 1986) (simple battery is a necessarily lesser included offense of capital sexual battery). Because simple battery was a necessarily lesser included offense, the trial court had no discretion but to grant defense counsel’s request. See State v. Wimberly, 498 So.2d 929 (Fla.1986); King v. State, 911 So.2d 857 (Fla. 1st DCA 2005). The failure to give a requested instruction on a lesser included offense only one step removed from the offense charged is per se reversible error, not subject to a harmless error analysis. See State v. Abreau, 363 So.2d at 1063; Johnson v. State, 695 So.2d 787 (Fla. 1st DCA 1997).
*3 While acknowledging the trial court erred in denying the requested instruction, the state relies on authorities recognizing that the failure to instruct on a lesser included offense two steps or more removed from the offense for which the defendant is convicted is harmless error. Abreau, 363 So.2d at 1063; Crespo v. State, 647 So.2d 295 (Fla. 3d DCA 1994). According to the state, these authorities dictate that the error here was harmless and appellate counsel cannot be faulted for failing to raise it because lewd or lascivious molestation of a child under 12, a violation of section 800.04(5)(b), is the next-step removed lesser included offense of capital sexual battery. Thus, the state reasons that simple battery, a misdemeanor, is more than one-step removed from capital sexual battery and any error in failing to instruct the jury on simple battery was harmless. We find no merit to this contention.
Lewd or lascivious molestation is not a necessarily lesser included offense of capital sexual battery, and under the law as it existed prior to the 1999 amendment to section 800.04, it likewise was not a permissive lesser included offense of any form of sexual battery. See Welsh v. State, 850 So.2d 467 (Fla.2003). For post-1999 offenses, lewd or lascivious battery of a child between 12 and 15 under section 800.04(4) may be a permissive lesser included offense of sexual battery. See Williams v. State, 957 So.2d 595 (Fla.2007). However, unlike lewd or lascivious battery of a child between 12 and 15, lewd or lascivious molestation of a child under 12 requires that the touching be “in a lewd or lascivious manner.” See § 800.04(5), Fla. Stat. Thus, lewd or lascivious molestation is not a permissive lesser included offense of capital sexual battery where, as here, the information does not allege that the touching was in a lewd or lascivious manner. See Garcia v. State, 976 So.2d 676 (Fla. 2d DCA 2008).
The foregoing notwithstanding, even if lewd or lascivious molestation was a potential lesser included offense here, the simple fact is that the jury was not instructed on that offense. Had it been so instructed without objection, the trial court’s error in failing to give a simple battery instruction might be subject to a harmless error analysis. See Caulder, 500 So.2d at 1365-66 (the failure to instruct on simple battery as a necessarily lesser included offense of capital sexual battery is harmless where the jury was instructed without objection, albeit erroneously, on lewd assault as a lesser included offense). However, the Abreau “step” analysis should only be undertaken where the instruction that was given and the omitted instruction relate to a lesser included offense. See State v. Bruns, 429 So.2d 307, 309 (Fla.1983); Overway v. State, 718 So.2d 308, 311 n. 4 (Fla. 5th DCA 1998) (harmless error test in Abreau, does not apply where jury was not instructed on the next lesser offense). As to Count I, the jury was instructed only on the charged offense and attempt, and as the court observed in Bruns, an attempt to commit the charged offense does not constitute a “step” under Abreau. Simple battery was therefore the lesser offense one-step removed from the charged offense in Count I, and the trial court’s error in denying defense counsel’s request for an instruction on that offense was not subject to a harmless error analysis. Because per se reversible error occurred, appellate counsel’s failure to pursue this issue constituted a substantial deficiency that materially prejudiced petitioner.
The sole remaining issue concerns the sort of relief Riley should be granted. Where appellate counsel is found to be ineffective, an appropriate remedy is to grant a new appeal limited to the issue *4 overlooked by original counsel. That remedy is apt where, for example, a review of the record as a whole is necessary in order to assess whether a particular error can be deemed harmless, or whether an error is fundamental in nature. See, e.g., Mohr v. State, 927 So.2d 1031 (Fla. 2d DCA 2006); York v. State, 891 So.2d 569 (Fla. 2d DCA 2004). However, where a second appeal would be redundant or unnecessary, it is appropriate to simply grant petitioner the relief to which he would be entitled had the issue been raised in the original appeal. See, e.g., Grimsley v. State, 967 So.2d 1132 (Fla. 2d DCA 2007); Jones v. State, 964 So.2d 855 (Fla. 2d DCA 2007); Evans v. State, 904 So.2d 638 (Fla. 1st DCA 2005). In this case, whether the error is fundamental is not in question, the harmless error doctrine is not applicable, and we can discern no other reason why a second appeal would be necessary.
We recognize, however, as set out in Judge Wolfs concurring opinion, that the supreme court has demonstrated a trend to limit the concept of per se reversible error. We, therefore, certify the following question to be one of great public importance:
BASED ON THE REASONING OF GALINDEZ V. STATE, 955 So.2d 517 (Fla.2007), MAY A COURT FIND THAT THE FAILURE TO INSTRUCT THE JURY ON THE NEXT LESSER INCLUDED OFFENSE CONSTITUTES HARMLESS ERROR?
Accordingly, the petition alleging ineffective assistance of appellate counsel is GRANTED, petitioner’s conviction and sentence for Count I are REVERSED, and the matter is REMANDED for a new trial as to that count.
BARFIELD and PADOVANO, JJ., concur; WOLF, J., concurs with opinion.

. Riley's counsel on direct appeal filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The fact that Riley could have raised the jury instruction issue in a pro se brief does not foreclose him from now seeking relief on a claim of ineffective assistance of appellate counsel. See Jackson v. State, 946 So.2d 83 (Fla. 4th DCA 2006); Barber v. State, 918 So.2d 1013 (Fla. 2d DCA 2006). Likewise, the fact that the court could have identified the error at issue in the course of its independent Anders review does not preclude his present claim.