WOLF, J.,
Concurring.
Existing law requires me to concur. If I were writing on a clean slate, however, I would affirm for the reasons expressed in my concurring opinion in Riley v. State, 25 So.3d 1 (Fla. 1st DCA 2008), review dismissed, 26 So.3d 1288 (Fla.2009). Based upon the evidence presented, no reasonable juror could have found that this robbery took place without force. The appellant did not challenge that the robbery took place through the use of force but testified that he was not the perpetrator. While it was error not to give an instruction on the lesser included offense of robbery by snatching, I am convinced beyond a reasonable doubt that it was harmless. Nonetheless, I am constrained to concur in the majority opinion reversing the conviction.