WETHERELL, J.
 

 Petitioner was convicted of possession of a firearm by a convicted felon and sentenced to 15 years in prison. On direct appeal, appointed counsel filed an
 
 An-
 
 
 *486
 

 ders
 

 *
 

 brief. Petitioner then filed a
 
 pro se
 
 brief raising several issues. We affirmed Petitioner’s conviction and sentence without opinion.
 
 Towbridge v. State,
 
 988 So.2d 627 (Fla. 1st DCA 2008) (table).
 

 Petitioner timely filed a petition alleging ineffective assistance of appellate counsel. In support of his petition, Petitioner argues that his appellate counsel was ineffective for failing to argue that the trial court erred in denying his motion for judgment of acquittal because the evidence against him was entirely circumstantial and not inconsistent with his reasonable hypothesis of innocence. Petitioner contends that he was prejudiced by his appellate counsel’s failure to present this argument because had counsel presented this argument, it is likely that his conviction would have been reversed.
 

 In order to establish a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel’s performance was deficient and that the appellate process was “ ‘compromised ... to such a degree as to undermine confidence in the correctness of the result.’”
 
 Thompson v. State,
 
 759 So.2d 650, 660 (Fla.2000) (quoting
 
 Groover v. Singletary,
 
 656 So.2d 424, 425 (Fla.1995)). A petition alleging ineffective assistance of appellate counsel is not to be used as a second appeal.
 
 See Rutherford v. Moore,
 
 774 So.2d 637,
 
 643
 
 (Fla.2000) (stating that ineffective assistance of appellate counsel claims may not be used to camouflage issues that should have been presented on direct appeal or in a post-conviction motion);
 
 Breedlove v. Singletary,
 
 595 So.2d 8, 10 (Fla.1992).
 

 The fact a petitioner could have, but did not present an issue in his
 
 pro se
 
 brief on direct appeal does not preclude a subsequent claim of ineffective assistance of appellate counsel, nor does the fact that the court could have identified the error in the course of its independent
 
 Anders
 
 review.
 
 See Riley v. State,
 
 25 So.3d 1, 2 n. 1 (Fla. 1st DCA 2008),
 
 rev. dismissed,
 
 26 So.3d 1288 (Fla.2009);
 
 but cf. Morrison v. State,
 
 764 So.2d 649 (Fla. 1st DCA 2000) (holding that a defendant cannot establish prejudice resulting from appellate counsel’s failure to raise an issue where the issue was considered by the court because it was raised in the defendant’s
 
 pro se
 
 brief). However, as explained below, the fact that the issue identified in the petition in this case was apparent on the face of the record in the direct appeal and, thus, necessarily considered in our
 
 Anders
 
 review, refutes Petitioner’s claim of prejudice resulting from appellate counsel’s alleged deficient performance.
 

 In
 
 Riley,
 
 the petitioner claimed that his appellate counsel failed to raise a jury instruction issue that had not been preserved at trial.
 
 See
 
 25 So.3d at 2. The court determined that the issue constituted fundamental error and that counsel was ineffective for not raising it on appeal.
 
 Id.
 
 at 3-4. By contrast, in this case, Petitioner claims that his appellate counsel failed to argue an issue that was preserved by trial counsel,
 
 i.e.,
 
 the trial court’s denial of the motion for judgment of acquittal. This issue was not only apparent on the face of the record, but the trial court’s ruling on the motion for judgment of acquittal was specifically identified by appellate counsel in his
 
 Anders
 
 brief as one of the issues that counsel reviewed and determined had no merit.
 

 Although
 
 Anders
 
 does not require the appellate court to conduct a “fine tooth comb” review of all conceivable issues, it does require the court to independently “examine the record to the extent neces
 
 *487
 
 sary to discover any errors apparent on the face of the record.”
 
 State v. Causey,
 
 503 So.2d 321, 322 (Fla.1987);
 
 see also In re Anders Briefs,
 
 581 So.2d 149 (Fla.1991). This independent judicial review of the record helps to assure a fair result despite the lack of a merits brief by appointed counsel.
 
 See In re Anders Briefs,
 
 581 So.2d at 150 (explaining that the procedure established by
 
 Anders
 
 operates as a substitute for the advocacy of counsel that is typically necessary to assure a fair result);
 
 Causey,
 
 503 So.2d at 322 (stating that the court’s independent review of the record for apparent errors is necessary “in order to assure indigents fair and meaningful appellant review”);
 
 and cf. Pullen v. State,
 
 802 So.2d 1113, 1121 (Fla.2001) (Pariente, J., concurring) (observing that appellate courts are required to provide a “heightened review” in cases where an
 
 Anders
 
 brief is filed). Thus, the
 
 Anders
 
 procedure helps to promote — rather than undermine — confidence in the correctness of the result of the appeal.
 

 It is reasonable to presume that when the court affirms an
 
 Anders
 
 appeal it has fully considered and rejected all potential issues that were apparent on the face of the record.
 
 Cf. Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (1999) (presuming no prejudice for federal habeas claims alleging ineffective assistance of appellate counsel claims where counsel filed an Anders-type brief that complied with a valid state procedure). Accordingly, at least with respect to an issue that was apparent on the face of the record, the petitioner cannot establish that any alleged deficient performance by counsel in not briefing such an issue “compromised the appellate process to such a degree as to undermine confidence in the correctness of the result” because the issue was necessarily considered by the court in its
 
 Anders
 
 review. This is particularly true where, as here, the issue that is the basis of the claim of ineffective assistance of appellate counsel was identified by counsel in the
 
 Anders
 
 brief.
 
 Cf. Anders,
 
 386 U.S. at 745, 87 S.Ct. 1396 (explaining that the procedure outlined by the Court “would tend to protect counsel from the constantly increasing charge that he was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled”).
 

 In sum, Petitioner cannot establish that his appellate counsel was ineffective because, even though counsel did not brief the judgment of acquittal issue in the direct appeal, our
 
 Anders
 
 review assured that the issue was fully considered such that any deficiency in appellate counsel’s performance did not prejudice Petitioner, and certainly did not “compromise[ ] the appellate process to such a degree as to undermine confidence in the correctness of the result” of the appeal. Accordingly, the petition alleging ineffective assistance of appellate counsel is denied on the merits.
 

 DENIED.
 

 THOMAS and MARSTILLER, JJ„ Concur.
 

 *
 

 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).