PADOVANO, J.
This is an appeal from an order denying a motion under rule 3.800(b) of the Florida Rules of Criminal Procedure. We conclude that the trial court erred by failing to give the defendant credit for the time he served in prison before his conviction was vacated and the case was remanded for a new trial. Accordingly, we reverse with instructions to grant the motion and apply the proper credit for time served.
The defendant, Eddie L. Riley, was charged with the offenses of capital sexual battery, lewd or lascivious molestation and three counts of sexual battery by a person in familial or custodial authority. The jury found him guilty as charged of all five of these crimes, and on June 9, 2004, the trial judge sentenced him to life imprisonment on the charge of capital sexual battery, fifteen years on the lewd or lascivious charge, and twenty years on each of the charges of sexual battery by a person in familial or custodial authority. The sentences were imposed concurrently on all five of the convictions.
Following an unsuccessful direct appeal, the defendant filed a petition in this court, alleging ineffective assistance of appellate counsel. He contended that his lawyer had failed to raise a meritorious issue pertaining to the jury instructions for the crime of capital sexual battery. Specifically, he argued that the trial judge’s failure to instruct the jury on the lesser included offense of simple battery was reversible error and that his lawyer’s failure to raise this issue on appeal amounted to ineffective assistance of appellate counsel. This court concluded that the defendant had, in fact, been deprived of effective assistance of counsel and granted relief by remanding the case for a new trial on the charge of capital sexual battery. See Riley v. State, 25 So.3d 1 (Fla. 1st DCA 2008).
The defendant was tried again on the charge of capital sexual battery, and, at the close of the second trial, the jury found him guilty of the lesser included crime of simple battery. The trial judge sentenced him to eleven months and twenty-nine days in the county jail and stated that the new sentence would run consecutively to the four other sentences imposed after the first trial. As is relevant to the issue in this appeal, the trial judge specified that the defendant would receive “no credit” for time served against his new sentence of eleven months and twenty-nine days.
We hold that the defendant is entitled to credit for the time he served on his life sentence for capital sexual battery against the sentence he has now received *276 for the lesser included offense of battery. The application of credit for time served on a sentence for the same offense, or, as in this case, a sentence for a greater degree of the same offense is required as a matter of federal constitutional law. The failure to apply the credit in this situation would violate the constitutional prohibition against double jeopardy.
This point of law was settled in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), a case that is better known for another principle. The main issue presented in Pearce was whether a court could impose a greater sentence following an appeal and remand. However, to address that issue, the Court had to determine as a preliminary matter whether the double jeopardy clause required the trial court to give the defendant credit for the time served on the original sentence.
There were two consolidated cases considered by the Court in the Pearce opinion. One of the petitioners, Clifton Pearce, was originally sentenced to a maximum term of fifteen years and then, on remand, to a term of eight years. The second sentence, although nominally shorter, would exceed the first when added to the time Mr. Pearce had already served. The other petitioner, William Rice, was originally sentenced to a prison term of ten years and he was sentenced to twenty-five years in the proceeding on remand. No credit was given for the time he had spent in prison on the original judgment.
The Court held that the time Mr. Pearce had served, and for which he was given credit, must be considered in determining whether his sentence on remand was greater than the original and that the trial court had a constitutional obligation to give both Mr. Pearce and Mr. Rice credit for the time they had previously served. In support of this decision, the Court stated,
We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully ‘credited’ in imposing sentence upon a new conviction for the same offense. If, upon a new trial, the defendant is acquitted, there is no way the years he spent in prison can be returned to him. But if he is reconvicted, those years can and must be returned — by subtracting them from whatever new sentence is imposed.
* * *
We think it is clear that this basic constitutional guarantee is violated when punishment already exacted for an offense is not fully credited in imposing sentence upon a new conviction for the same offense.
Pearce, 395 U.S. at 718-719, 89 S.Ct. 2072. The Court illustrated the point with the following example of a defendant who receives the maximum sentence on remand:
The constitutional violation is flagrantly apparent in a case involving the imposition of a maximum sentence after reconviction. Suppose, for example, in a jurisdiction where the maximum allowable sentence for larceny is 10 years’ imprisonment, a man succeeds in getting his larceny conviction set aside after serving three years in prison. If, upon reconviction, he is given a 10-year sentence, then, quite clearly, he will have received multiple punishments for the same offense. For he will have been compelled to serve separate prison terms of three years and 10 years, although the maximum single punishment for the offense is 10 years’ imprisonment. Though not so dramatically evident, the same principle obviously holds true whenever punishment already en *277 dured is not fully subtracted from any new sentence imposed.
Id. at 718, 89 S.Ct. 2072.
The Supreme Court later receded from a discrete aspect of the Pearce decision, but that part of the decision is not pertinent here. See Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989) (receding from the statement in Pearce that a greater sentence on remand gives rise to a presumption of vindictiveness, when the first sentence was based on a guilty plea and the second sentence followed a trial). The Pearce decision still stands as authority for the proposition that, when a defendant appeals his or her conviction but is convicted again on remand, any sentence then imposed for the new conviction must include credit for the time the defendant served on the original sentence. This fundamental principle of constitutional law applies in Florida, see Jones v. State, 633 So.2d 482 (Fla. 1st DCA 1994); Michael E. Allen, Florida Criminal Procedure § 19.7 (2011 ed.), as it does in all other states, see Wayne R. LaFave, Criminal Procedure § 26.7(a) (3d ed.2007).
In this case, the defendant was sentenced to eleven months and twenty-nine days, but he has already served approximately four years on his previous sentence for the same offense. The sentence is lawful on its face in that it is within the statutory maximum for simple battery but it is unlawful to the extent that the trial court failed to give the defendant credit for the time he had served. Because the maximum penalty for battery is one year, any sentence the court could impose would effectively amount to a sentence to time served.
For these reasons, we reverse the imposition of the sentence to the extent that it does not include credit for the time served on the original sentence and we remand the case to the trial court with instructions to apply the credit.
Reversed.
ROWE and RAY, JJ., concur.