HARRIS, C.M., Senior Judge.
The trial judge, after considering the defendant’s numerous petit theft convictions, sentenced her to eighteen months in prison. When defendant’s counsel later suggested that defendant might have mental problems, the judge set aside the sentence and ordered a mental evaluation. After defendant was determined to be competent, she was rescheduled for sentencing.
Although no new facts were presented to the court, the judge increased defendant’s sentence to 30 months in prison. The judge reasoned that although defendant filed a motion for determination of competency, she was indeed competent and knew what she was doing at the time of the offense. Because the court had not considered defendant’s competency at the time of the original sentencing and because the court mentioned defendant’s long record at the original sentencing, there was nothing new presented which would warrant the increased sentence. *1221 See Longley v. State, 902 So.2d 925 (Fla. 5th DCA 2005).
Although defense counsel did not specifically argue “vindictive sentence,” she did point out to the court that nothing had changed since the first sentence to justify a greater sentence. This was adequate to preserve the issue. See Walcott v. State, 460 So.2d 915 (Fla. 5th DCA 1984).
REVERSED and REMANDED.
BERGER, J., concurs.
LAWSON, J., concurs and concurs specially with opinion.