IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NATHANIEL ERKE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Petitioner,

v.                                          CASE NO. 1D13-3858

STATE OF FLORIDA,

Respondent.

_____/

Opinion filed December 2, 2014.

Petition Alleging Ineffective Assistance of Appellate Counsel -- Original
Jurisdiction.

Nathaniel Erke, pro se, Petitioner.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney
General, Tallahassee, for Respondent.

PER CURIAM.

        The petition alleging ineffective assistance of appellate counsel is denied on the

merits.

MARSTILLER and MAKAR, JJ., CONCUR.    THOMAS, J., SPECIALLY

CONCURRING WITH OPINION.

THOMAS, J., SPECIALLY CONCURRING.

But for our decision in Towbridge v. State, 45 So. 3d 484 (Fla. 1st DCA 2010), I would grant the petition alleging ineffective assistance of appellate counsel, based on appellate counsel's failure to argue on appeal that Petitioner's motion to withdraw his plea should have been granted, because the 35-year sentence which Petitioner received was the result of judicial vindictiveness and, further, that this sentence constituted fundamental error which could have and should have been raised on direct appeal. Baxter v. State, 127 So. 3d 726, 732 (Fla. 1st DCA 2013) (citing Mendez v. State, 28 So. 3d 948, 950 (Fla. 2d DCA 2010) (holding that claim of vindictive sentence may be raised on direct appeal as fundamental error)). In Towbridge, this court held that where we have previously rejected an issue that is apparent on the face of the record, during an Anders[1] review, "[i]t is reasonable to presume that [we] . . . considered and rejected" the issue. 45 So. 3d at 487. Here, the pertinent issue was raised *pro se* by Petitioner, so we must presume that this court considered and rejected the claim of judicial vindictiveness, therefore, Petitioner cannot demonstrate prejudice. On direct appeal, Petitioner's appellate counsel filed a notice under Anders, asserting that counsel was unable to present any good-faith assertion of reversible error. But Petitioner asserted in his *pro se* initial brief that the trial court imposed a vindictive

---

1 Anders v. California, 386 U.S. 738 (1967).

sentence, due to the "huge disparity" between the sentence he received and the State's far more lenient recommendation. In addition, Petitioner's co-defendants, whom the State acknowledged were more culpable, received more lenient sentences. Petitioner also asserted that the trial court's lengthy sentence greatly exceeded the State's most recent plea offer, although Petitioner did not accept the plea offer, choosing instead to enter a "best-interest" guilty plea.

Petitioner, who was 19 years old and had no criminal record, was charged with armed burglary and two counts of armed robbery. Petitioner's two co-defendants, one of whom is his older brother, entered negotiated pleas and received 10- and 15-year sentences. Petitioner then entered a best-interest guilty plea, and indicated he understood that a different judge would preside over his sentencing.

At sentencing, the State told the trial court that although it did not believe Petitioner's version of events, neither did it believe he was the gunman. The State had planned to offer Petitioner a reduced sentence in exchange for his cooperation, but the two co-defendants entered their pleas too quickly. The State recommended a guidelines sentence of approximately **9.2 years** to the court. Defense counsel expressed hope that the court would give Petitioner a youthful offender sentence, noting that the pre-sentence investigation report recommended a **5-year** sentence, both of which could only be imposed by the trial court.

The sentencing judge noted Petitioner's lack of criminal record, but indicated it

did not believe his version of events. The judge remarked on the serious nature of the crimes committed, and then sentenced Petitioner to 35 years in prison. After an unsuccessful direct appeal and appeal of an order denying a postconviction motion, Petitioner filed a petition alleging ineffective assistance of appellate counsel, alleging that appellate counsel was ineffective for failing to argue that the trial court committed fundamental error in imposing a disproportionate and vindictive sentence.

This court's review of petitions alleging ineffective assistance of appellate counsel is limited, and relief is only granted in cases where: 1) there were specific errors or omissions of such magnitude that fell outside the range of professionally acceptable performance, and 2) the integrity of the appellate process is compromised and confidence in the correctness of the result is undermined. See Johnson v. Wainwright, 463 So. 2d 207, 209 (Fla. 1985) (citing Strickland v. Washington, 466 U.S. 668 (1984)). In my view, that occurred here.

Although judicial vindictiveness cannot be based solely on a sentence length, Davalos v. State, 988 So. 2d 130, 132-33 (Fla. 3d DCA 2008), there is no dispute that the more culpable co-defendants will serve far less punishment than Petitioner for the crime they all committed. Petitioner demonstrates that judicial vindictiveness may have occurred in the imposition of his sentence, therefore, confidence in the correctness of the appellate process is undermined. Id.; Osteen v. State, 12 So. 3d 927, 929 (Fla. 3d DCA 2009) ("Given the disparity between the sentence imposed and the

recommendations of the State and probation officer, we are unable to say that the record conclusively refutes the allegation that counsel was ineffective for failing to challenge the sentence on the basis of bias, prejudice, or vindictiveness."). Although the trial court had the lawful authority to sentence Petitioner up to life in prison, given the recommendations of both the State and the pre-sentence investigation report to sentence Petitioner to less than 10 years in prison, the greater culpability of the co-defendants, Petitioner's rejection of the State's initial plea offer which only required Petitioner to testify truthfully against his co-defendants, who were to be offered the 15-year and 10-year prison terms (which they accepted before Petitioner could accept the State's agreement), and an ultimate sentence imposed on Petitioner of 35 years in prison, a claim of vindictiveness should have been raised on direct appeal by appointed counsel, in view of the "totality of the circumstances." See Davalos, 988 So. 2d 130, 132 (Fla. 3d DCA 2008) (judicial vindictiveness may not be based on sentence length alone, but may occur where totality of circumstances demonstrate "'due process was violated by the imposition of an increased sentence after unsuccessful plea negotiations.'" (quoting Longley v. State, 902 So. 2d 925, 928, (Fla. 5th DCA 2005)).

Petitioner's attempt to evade responsibility for his involvement in this very serious and violent crime was a factor in his sentence. As the sentencing court noted, this was a "profound" and serious violent crime committed against the victims, who discovered a burglary in progress in their home. In addition, the sentencing court,

when noting that it was not involved in or limited by the co-defendants' plea negotiations, noted that their sentences gave the court "pause." And, to state that a sentence may implicate constructive vindictiveness is a term of art to describe what may have been a due process violation and an improper sentence, not a negative reflection in any way on the sentencing court. Baxter, 127 So. 3d at 732-33. In this case, however, based on these facts, I would grant the petition alleging ineffective assistance of appellate counsel, and order a new appeal with directions to counsel to address whether the sentence imposed was vindictive, but for our decision in Towbridge, which appears to preclude relief where we have previously considered an issue under an Anders review. Thus, I concur in the denial of relief, but would, if writing on a blank slate, grant relief, based on "other factors" which may demonstrate vindictiveness, Baxter, 127 So. 3d at 734, most notably, the far more lenient sentences imposed on the more culpable co-defendants, and the fact that the State recommended a much more lenient sentence be imposed on Petitioner.