FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-0414
_____

DAVID MACK III,

    Petitioner,

    v.

STATE OF FLORIDA,

    Respondent.

_____

Petition for Writ of Habeas Corpus—Original Jurisdiction.
Mark W. Moseley, Judge.


February 21, 2024

TANENBAUM, J.

The petitioner claims his appellate counsel missed an issue that in fact was identified in the *Anders* brief filed by that counsel in his underlying direct appeal to this court. This court affirmed in that case. There simply cannot be a cognizable claim for ineffective assistance of appellate counsel in this situation because the panel in the underlying appeal presumably conducted its own "full and independent review of the record to discover any arguable issues apparent on the face of the record." *In re Anders Briefs*, 581 So. 2d 149, 151 (Fla. 1991) (citing *Anders v. California,* 386 U.S. 738, 744 (1967)); *see Towbridge v. State*, 45 So. 3d 484, 487 (Fla. 1st DCA 2010) (explaining that "with respect to an issue that was apparent on the face of the record," there is not a cognizable claim "because the issue was necessarily considered by the court in its *Anders*

review," especially "where, as here, the issue that is the basis of the claim of ineffective assistance of appellate counsel was identified by counsel in the *Anders* brief"). Under this mandated process, an affirmance by the appellate court in essence is the court's determination that the appellant has received his constitutionally guaranteed right to effective assistance from counsel. The same appellant does not later get a second bite of that apple through Florida Rule of Appellate Procedure 9.141(d).

DISMISSED.

B.L. THOMAS and M.K. THOMAS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

David Mack III, pro se, Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.